SYLVIA SHIFMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Shifman v. Commissioner
Docket No. 26132-86.
United States Tax Court
T.C. Memo 1987-347; 1987 Tax Ct. Memo LEXIS 347; 53 T.C.M. (CCH) 1337; T.C.M. (RIA) 87347; July 20, 1987. Nancy Bateman, for the petitioner. Patricia Delzotti, for the respondent. POWELL
MEMORANDUM FINDINGS OF FACT AND OPINION POWELL, Special Trial Judge:[1] The underlying substantive tax issues in this case were conceded by respondent. The case is before this Court on petitioner's motion for litigation costs pursuant to section 7430 and Rule 231. [2]
The issues for decision are (1) whether petitioner is a "prevailing party" and, if so, (2) whether petitioner has exhausted her administrative remedies available to her within the Internal Revenue Service. The case involves petitioner's tax year for 1983. On November 5, 1985, the Brookhaven Service Center sent petitioner a notice of proposed disallowance, *349 indicating a discrepancy in the amount of annuity income reported on her 1983 income tax return and the amount reported to the Service by the payor. Petitioner's son, as petitioner's attorney-in-fact, responded to the 30-day letter by letter dated December 9, 1985. Petitioner subsequently received a postcard from respondent's service center, acknowledging receipt of petitioner's letter and stating that the information submitted was being considered. Respondent made no further communication with petitioner until May 28, 1986, when a notice of deficiency was issued. The statute of limitations for assessment of a deficiency on petitioner's 1983 return would not have expired until April 15, 1987. Petitioner filed a timely petition with this Court on July 7, 1986, at which time she was a resident of Westfield, New Jersey. On September 2, 1986, the case was formally assigned to an appeals officer. After reviewing the case file and petition, the appeals officer contracted petitioner's attorney on September 9, 1986, and orally conceded the deficiency. A decision document indicating a zero deficiency was mailed to petitioner's attorney on September 18, 1986. Petitioner, however, *350 refused to execute that decision document and filed a motion for costs and attorney's fees. The parties have stipulated that there is neither a deficiency due from, nor overpayment due to petitioner, for the 1983 year. Section 7430 [3] authorizes the award of reasonable litigation costs to a petitioner who prevails in a tax controversy with the United States. In order to be entitled to an award of litigation costs, petitioner (1) must exhaust all administrative remedies available to her within the Internal Revenue Service, and (2) must satisfy the statutory definition of a "prevailing party." Petitioner will be considered to be a prevailing party only if she can establish that she has substantially prevailed with respect to the amount in controversy [4] and that the position of the United States was not substantially justified. Sec. 7430 (c)(2). *351 We first address whether the governmental action in question falls within the definition of "position of the United States." Section 7430(c)(4)(A) states that the term "position of the United States" includes the position taken by the United States in the civil proceeding. This Court has held under section 7430, prior to the 1986 amendment, where the same language was operative, that we look at the reasonableness of the Government's position based upon the facts and circumstances surrounding the post-petition litigation, and the fact that respondent eventually loses or concedes the case is not dispositive. [5], vacated and remanded on another issue . [6]
*352 Petitioner argues that our interpretation of the term "civil proceedings" in section 7430 in Baker does not have continuing vitality after the 1986 amendment. See . We disagree. While, as discussed infra, the 1986 amendment did expand the focus of examining the position of the United States, it did so by a specific expansion of the term "position" and did not expand the definition of a "civil proceeding." Compare section 7430(c)(4), 1986 ed. with section 7430(c)(2)(A)(i), 1982 ed. Indeed, as we understand the legislative history of section 1551 of the 1986 Act, Congress adopted the Baker construction. The 1986 amendment has its genesis in section 1315 of H.R. 3838. Section 1315(b) added a provision that allowed the courts to "assess a portion of such costs against any Internal Revenue Service employee * * * if the court determines that such proceeding resulted from any arbitrary or capricious act of such employee." The House Report explained (H. Rept. 99-426 (1986), 1986-3 C.B. (Vol. 2) 840)): It is the intention of the committee that this provision apply to IRS attorneys, *353 as well as non-attorneys. Thus, all employees of the Office of Chief Counsel of the IRS, such as those in the tax litigation function, are subject to this provision. This provision applies to them because they are responsible to the Chief Counsel of the IRS. * * *
The Senate version of H.R. 3838 was considerably different. See section 541. It omitted personal liability on the part of employees and would have amended (sec. 541(d)) section 7430(c) by adding: (4) POSITION OF THE UNITED STATES. -- The term "position of the United States" includes -- (A) the position taken by the United States in a civil proceeding and (B) the administrative action or inaction by the United States upon which such proceeding is based.
The Report of the Finance Committee simply states that "the 'substantially justified' standard is applicable to prelitigation actions or inaction of Government agents as well as the litigation position of the Government." S. Rept. 99-313 (1986), 1986-3 C.B. (Vol. 3) 199. If either provision has been adopted, it is arguable that there would be a basis for petitioner's position. That is not the case. Section 1551(e) of the 1986 Act, Pub. L. *354 99-514, 100 Stat. 2753, amended section 7430(c) by adding: (4) POSITION OF THE UNITED STATES. -- The term "position of the United States" includes -- (A) the position taken by the United States in a civil proceeding and (B) the administrative action or inaction by the District Counsel of the Internal Revenue Service (and all subsequent administrative action or inaction) upon which such proceeding is based.
The Conference Report states that "In addition to providing for attorney's fees with respect to litigation expenses, the conference agreement also provides that attorney's fees may be awarded with respect to the administrative action or inaction by the District Counsel of the IRS (and all subsequent administrative actions or inactions) upon which the proceeding is based." H.R. Rept. 99-841 (Conf.), at II-802. The explanation of the Joint Committee Staff states that "[p]relitigation actions or inaction by the IRS prior to the involvement of District Counsel are not eligible as components of any attorney's fees award." Staff of Joint Committee on Taxation, General Explanation of the Tax Reform Act of 1986, at 1300 (Comm. Print 1986) (emphasis added). Thus, we believe *355 that the legislative history of the 1986 amendment makes it clear that the rule enunciated in Baker v. Commissioner applies, except in those situations where there has been some involvement by District Counsel prior to the filing of the petition. Since respondent conceded the case within two months after the petition was filed, we conclude that respondent's position vis-a-vis the civil proceeding was reasonable. See ; . Furthermore, District Counsel was not involved with the prelitigation administrative action in this case, and we need not pursue that matter further. Under the language of section 7430(c)(4), the issuance of the statutory notice of deficiency and the underlying administrative action in this case do not constitute "a position of the United States" and thus are not subject to scrutiny under the "not substantially justified" standard. Accordingly, we find that petitioner is not a "prevailing party" within the meaning of section 7430(c)(2), and thus not entitled to recover her litigation costs. [7]
*356 An appropriate decision will be entered.
Footnotes
1. This case was assigned pursuant to the provisions of section 7456(d) (redesignated as section 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) and Rule 180 et seq. ↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended, and as in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise provided. ↩
3. Section 7430 became effective for cases begun after February 28, 1983. The section was amended by section 1551 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2752, which amendments apply to amounts paid after September 30, 1986 in proceedings commenced after December 31, 1985. Sinnce this case commenced July 7th, 1986, the issue is subject to the provisions of section 7430 as modified by the Tax Reform Act of 1986. ↩
4. Respondent has agreed that petitioner substantially prevailed with respect to the amount in controversy. ↩
5. Under the prior version of section 7430, the taxpayer had to show that the position of the Government was "unreasonable." Although the statute now requires that a taxpayer establish that the Government's position was not substantially justified, this Court has previously held that the test of whether a Government action is "substantially justified" is essentially one of reasonableness. See , vacated and remanded on another issue . ↩
6. The Third Circuit, to which this case is appealable, has not ruled on this issue, and we follow our decision in , affd. , cert. denied . See also ; ; . Compare , revg. a Memorandum Opinion of this Court; . ↩
7. Since we find that petitioner has not met the statutory requirements of section 7430 (c)(2), we need not reach and discuss whether she has exhausted her administrative remedies. ↩